IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

Ron Pennetti,

    Plaintiff,

v.

JR & Co., Inc.,

Registered Agent:
Cogency Global Inc.
9666 Olive Blvd Ste 690
St. Louis, MO 63132

    Defendant.

Case No. 4:20-cv-707

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Ron Pennetti ("Pennetti" or "Plaintiff"), for his Complaint against Defendant JR & Co., Inc. ("JR & Co." or "Defendant"), states and alleges as follows:

## PARTIES

1. Plaintiff is a resident of the State of Florida.

2. Defendant is a corporation organized under the laws of the State of Missouri.

3. Defendant is an employer within the meaning of 29 U.S.C. Section 630(b).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 in that it arises under the laws of the United States embodied in the Age Discrimination in Employment Act, 29 U.S.C. Section 621 *et seq*. ("ADEA").

5. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action. A timely Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") on August 14, 2020. A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto and incorporated by reference as Exhibit A.

6. The United States District Court for the Western District of Missouri has personal jurisdiction over Defendant inasmuch as Defendant conducts business within this District.

7. The unlawful employment practices alleged herein were committed within this jurisdiction.

8. Venue is properly laid in this Court pursuant to 28 U.S.C. Section 1391(b), inasmuch as Defendant has offices, conducts business, and/or can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in substantial part in this District. Venue is also properly laid in this Court pursuant to 29 U.S.C. Section 1132(e)(2) because Defendant has substantial business contacts within the State of Missouri.

## FACTS

9. Ron Pennetti hereby incorporates each preceding paragraph as though fully set forth herein.

10. Mr. Pennetti is 65 years of age.

11. Mr. Pennetti was employed by JR & Co. as a Roofing Salesman from March 11, 2019, until the termination of his employment on January 31, 2020.

12. Mr. Pennetti's record of employment with JR & Co. was exemplary. Mr. Pennetti received no negative performance reviews of any type for the duration of his employment.

13. In October 2019, Commercial Roofing Project Manager Matt Schilling met with Mr. Pennetti at his request at the JR & Co. offices in Bonita Springs, Florida. During their conversation about roofing sales generally, Mr. Schilling told Mr. Pennetti "**you are getting old and your way of doing sales is the old way**." On November 7, 2019, Owner and CEO Jon Schilling met with Mr. Pennetti at his request at the same location. Mr. Schilling told Mr. Pennetti

"**you are getting too old**" and informed him that his final day of employment would be January 2, 2020.

14. Mr. Pennetti was told on numerous occasions by other coworkers that he should retire, that "**you're too old to do your job**," and other age-based comments, including Adam Zuehlke, Jenn Diaz, Lo Siriamphone, and Blake Kennedy. Mr. Pennetti has learned that meetings were held without his knowledge or participation at which his age and his departure from the Company were discussed.

15. In January 2020, Mr. Pennetti learned that Office Manager Jenn Diaz had begun to call directly on customers for whom he was responsible. When Mr. Pennetti asked why she had contacted customers to which he had been assigned and on whom he had called, she explained that she was "putting a new face with the customer," that "**you do things old school**," and that "**you are getting too old to be calling on customers**." During a meeting at the JR & Co. offices in Bonita Springs, Florida, the same month, Adam Zuehlke told Mr. Pennetti "**you're getting too old maybe you should look into retirement**."

16. On January 28, 2020, Mr. Pennetti met with Adam Zuehlke in his office at Mr. Zuehlke's request. Mr. Zuehlke explained that "corporate wants to cut overhead and you're the first cut." He asked Mr. Pennetti not to tell the others in the office that his employment had been terminated so that the others did not worry about their potential termination. Though Mr. Pennetti had been terminated against his will, Mr. Zuehlke informed others that Mr. Pennetti had voluntarily elected to retire.

## COUNT ONE – AGE DISCRIMINATION

17. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

18. Plaintiff was employed by Defendant.

19. Defendant is vicariously liable for the actions of its employees and agents.

20. Defendant discriminated against Plaintiff in the terms and conditions of his employment by terminating his employment because of his age in violation of the ADEA.

21. Plaintiff's age was a motivating and determining factor in Defendant's decision to terminate his employment.

22. Plaintiff's employment was terminated for reasons that constitute pretext for unlawful discrimination on the basis of his age.

23. As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

24. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

25. Defendant's conduct was willful thereby entitling Plaintiff to an equal amount as liquidated damages and other appropriate equitable relief.

26. Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant, for a finding that he has been subjected to unlawful discrimination prohibited by the ADEA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages; equitable relief including reinstatement; for his costs expended; for his reasonable attorney's and expert witness fees; and for such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to trial by jury.

## DESIGNATED TRIAL LOCATION

Plaintiff hereby designates the place of trial as **Kansas City, Missouri**.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway        Missouri Bar No. 52417
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF